## CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed February 28, 1924.

HARRY H. BURNS AND CORA M. BURNS, HIS WIFE, AND THE HARLEM PARK PROTECTIVE ASSOCIATION, INC.,

VS.

ABRAHAM WILLIAMS, ABRAHAM WEISMAN, BETTIE GREEN AND MAMIE FORD.

*William L. Marbury, J. Seymour T. Waters* and *Webster C. Tall* for complainants.

*David Ash* for defendants.

DAWKINS, J.—

This case came on to be heard on defendant's motion to dissolve preliminary injunction heretofore issued and was argued by counsel, testimony was taken and the matter submitted for final decree.

The Court is of the opinion that the agreement between the plaintiff and the defendant and other parties mentioned in said agreement, which is referred to and copy of which is filed with the bill of complaint and made part thereof, whereby all said parties covenant each with the other that they and each of them, their and each of their heirs, personal representatives, successors and assigns shall and will have, hold, stand seized and possessed of the said respective properties mentioned in said agreement as owned by them subject to the restriction, limitation and condition that neither the said respective properties nor any of them nor any part of them or any of them shall be at any time occupied or used by any negro or negroes or person or persons either in whole or in part of African descent, except only that negroes or persons of negro or African descent either in whole or in part may be employed as servants by any of the owners of said properties and containing other stipulations is not void as being in conflict with any provisions of the Constitution of the United States or the amendments thereof or as being against public policy or any rule of law, all persons owning property having a perfect right by voluntary agreement among themselves to subject it to such limitations and restrictions and such agreements when duly recorded in the proper land records of Baltimore City, constituting notice to all subsequent purchasers of said property of the terms and conditions thereof.

This Court, however, is of the opinion that the said agreement is not enforceable in equity unless executed in respect of all property in the area therein mentioned, because and only because of the following clause appearing therein, being the last clause of said agreement:

"PROVIDED, HOWEVER, that if any Court of competent jurisdiction in the State of Maryland determines or decrees that this agreement is not in effect a restriction on all and every property situate in the above area, then this agreement is null and void and shall not be considered as binding or as a restriction on any piece of property in the above described area, and shall be of no effect as to the property owned by the signer herein."

And, it appearing that it has not been executed in respect of all said properties.

It is therefore ordered by the Court this 28th day of February, 1924, that the writ of injunction heretofore issued in this case be and the same is hereby dissolved, and the bill of complaint be and is hereby dismissed.

The plaintiffs to pay the costs.